IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00805-LTB
06-mc-00017-LTB

JOHN DOES I-V

    Plaintiffs,

v.

MOISES RODRIGUEZ, individually, and in his official capacity,
MARIA RODRIGUEZ, individually, and in her official capacity,
ANDREW L. GRANT, individually, and in his official capacity, and
GRANT FAMILY FARMS, INC., a Colorado corporation

    Defendants.

---

**DEFENDANT ANDREW L. GRANT'S RESPONSE TO PLAINTIFFS' MOTION SEEKING LEAVE TO PROCEED ANONYMOUSLY**

---

Defendant Andrew L. Grant, through counsel, respectfully request that the court deny Plaintiffs' motion seeking leave to proceed anonymously. As grounds, Mr. Grant states:

**INTRODUCTION**

Plaintiffs John Does I-V filed a Motion Seeking Leave to Proceed Anonymously on April 19, 2006, and the motion was assigned Case 1:06-mc-00017-LTB. On April 26, Plaintiffs filed their Complaint and Demand for Jury Trial. On October 13, 2006, AMr. Grant filed his Motion to Dismiss. Grant Family Farms, Inc. is in bankruptcy and subject to the automatic stay provision of the Bankruptcy Code. The Plaintiffs filed their First Amended Complaint and Demand for Jury Trial on November 2, 2006. Since that time,

Mr. Grant and the plaintiffs have attempted to resolve this case and agreed to postpone the deadline for the filing of responsive pleading pending those settlement discussions. On December 20, 2006, the Court Ordered a briefing schedule "to more fully develop the legal issues presented in Grant's motion [to dismiss], and to address the additional factual allegations contained in the Amended Complaint." Defendant Grant is filing his Motion to Dismiss contemporaneous with the filing of this pleading.

## BACKGROUND

In October of 2005, the United States Attorney for the District of Colorado filed an indictment against Moises Rodriguez, Maria Rodriguez, and Javier Rodriguez ("Rodriguezes") in *U.S. v. Rodriguez, et al.*, 05-CR-00448-EWN. The anonymous plaintiffs in this civil suit appear to have been victims in that criminal case. The indictment included counts of transporting illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(ii); harboring illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(iii); employing smuggled aliens, 8 U.S.C. § 1324(a)(3)(A); conspiracy to bring, transport, harbor or induce illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(I); and aiding and abetting bringing, transporting, harboring or inducing illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(II). Neither Andrew L. Grant nor Grant Family Farms were named as defendants in the criminal case.

All three defendants eventually pled guilty to one or more counts, and they were sentenced in September of 2006. Moises Rodriguez was "committed to the custody of the United States Bureau of Prisons," but appears to have been sentenced to time served on each count and placed on three years of supervised release. *See Judgment in a Criminal Case (Moises Rodriguez) attached as Exhibit A*. Maria Rodriguez was likewise "committed to the custody of the United States Bureau of Prisons," but also appears to

have been sentenced to time served and placed on three years of supervised release.  *See Judgment in a Criminal Case (Maria Rodriguez) attached as Exhibit B*.  Javier Rodriguez was sentenced to six months of in-home detention, and three years of probation.  *See Judgment in a Criminal Case (Javier Rodriguez) attached as Exhibit C*.  The anonymous plaintiffs allege that they were cooperating government witnesses.  The criminal case against the Rodriguez family appears to be over, and the government no longer requires the anonymous plaintiffs to testify or otherwise cooperate in the criminal case.

Plaintiffs claim that Defendants Moises Rodriguez, Maria Rodriguez, Andrew L. Grant, and Grant Family Farms have violated certain provisions of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  Plaintiffs moved to proceed anonymously while the criminal prosecution was pending because they feared that revealing their identities would adversely affect their ability to aid the Government in prosecuting Defendants Moises Rodriguez and Maria Rodriguez, and because Plaintiffs feared retaliation by Javier Rodriguez, who is not a party to this civil case, and Defendants Moises and Maria Rodriguez.  Plaintiffs have requested not only that their identities be kept secret from the public, but also from the Defendants.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) mandates that all pleadings contain the names of the parties, and Rule 17(a) states that every action shall be prosecuted in the name of the real party in interest.  Although courts will entertain the idea of proceeding under pseudonym, the claims alleged by Plaintiffs do not amount to an "exceptional circumstance" in which the Court may grant leave to proceed anonymously.  *See*

*Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000). Additionally, "[i]f a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1171 (10th Cir. 2001) (dismissing action where plaintiffs used pseudonyms without obtaining permission from the district court).

Tenth Circuit precedent establishes that proceeding under a pseudonym is an "unusual procedure," and recognizes that no federal rule or statute explicitly sanctions such a practice. *Femedeer*, 227 F.3d at 1246; *Coe v. United States Dist. Court*, 676 F.2d 411, 415 (10th Cir. 1982). Tenth Circuit authority also recognizes that permitting a plaintiff to proceed under a pseudonym is problematic because defendants have difficulty engaging in discovery and establishing their defenses, and the court cannot properly fix *res judicata*. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). It is also antithetical to the very notion of public court proceedings where:

> Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system. They also increase public acceptance of the judicial system.

*Lorenz v. United States N.R.C.*, 516 F. Supp. 1151 (D. Colo. 1981).

The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. *See Femedeer*, 227 F.3d at 1246. In an exceptional case, a plaintiff has a substantial privacy right where the case involves matters of a highly sensitive and personal nature, the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,

4

or where real danger of physical harm exist.  *See Id.*; *Does I Thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Coe*, 676 F.2d at 416.

In *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996), Judge Kane stated that there is a "fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view."  Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials. *See generally W.D. v. Garcia-Botello*, 211 F.R.D. 194, 195 (W.D.N.Y. 2002) (considering as a factor whether the party brings an action on its own volition to vindicate its own interests); *Femedeer*, 227 F.3d at 1246 (requiring plaintiff to disclose identity where plaintiff did not establish a real, imminent danger).

**A.   NO MATTERS OF A HIGHLY SENSITIVE AND PERSONAL NATURE EXIST**

Cases in which courts have permitted plaintiffs to proceed anonymously typically have involved abortion, birth control, sexual preference, and vulnerable children.  *See Coe*, 676 F.2d at 415; *Lindsey*, 592 F.2d at 1125; *Doe v. United States Dep't of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982).  In this case, Plaintiffs John Does I-V will not be required to provide information of a highly sensitive and personal nature that involves a substantial privacy interest.

**B.   INJURY LITIGATED AGAINST WILL NOT BE INCURRED IF PLAINTIFFS REVEAL THEIR IDENTITIES**

In *Does I Thru XXIII*, Chinese illegal immigrants working in the garment industry on the Island of Saipan brought suit under the FLSA against their employers.  *Does I Thru XXIII*, 214 F.3d at 1062.  The suit alleged that the employers failed to pay standard

5

wages and provide adequate working conditions. *Id.* at 1063. The plaintiffs moved to proceed anonymously because they feared that disclosing their identities would result in their termination, deportation, and arrest and imprisonment upon their return to China. *Id.* at 1062. The employers had the power to terminate employment, Saipan had the ability to deport, and China could arrest the plaintiffs for failure to fulfill their labor contracts. *Id.* at 1065. Thus, merely revealing the plaintiffs names would cause the injury that the plaintiffs intended to prevent through the lawsuit.

In this case, Plaintiffs John Does I-V have already "escaped" from the Rodriguez' labor camp and are no longer employed by the Rodriguezes, who are either on supervised release, or on probation. Plaintiffs' suit requests redress for actions which allegedly occurred during their former employment but Plaintiffs have not alleged that they have a desire to work for other farm labor contractors who may contract with Grant Family Farms. Nor do the Plaintiffs allege that they wish to remain in the United States. Therefore, there is no injury to be prevented through Plaintiffs' lawsuit that will be incurred simply through the act of revealing their identities.

**C.  NO REAL DANGER OF PHYSICAL HARM EXISTS**

When pseudonyms are used to shield the anonymous party from retaliation, the court may consider the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *See Does I Thru XXIII*, 214 F.3d at 1068.

In *Garcia-Botello*, the court held that the plaintiffs could proceed under pseudonym where the plaintiffs filed claims under the FLSA, AWPA, and the Racketeer Influenced and Corrupt Organizations Act. *See Garcia-Botello*, 211 F.R.D. at 194. The

6

court found that the defendants had made previous threats of violence against the plaintiffs, the defendants had been criminally indicted on charges arising out of the same facts supporting the action (harassment and intimidation), and the plaintiffs feared that revealing their identities would adversely affect their ability to aid the government in the defendants' prosecution. *Id.* at 196. Furthermore, the court held that the defendants would not be prejudiced because any damage to the defendants' reputation as a result of the plaintiffs filing the action was already suffered from the criminal charges against them. *Id.* However, the court recognized that "in the interest of fairness, there may come a time at which Plaintiffs should be called upon to publicly stand behind their claims." *Id.*; *see also Does I Thru XXIII*, 214 F.3d at 1072 (allowing plaintiffs to proceed anonymously while discovery was stayed but recognizing at some later point it may be necessary to reveal plaintiffs' identities).

Plaintiffs John Does I-V express fear of retaliation by Defendants Moises and Maria Rodriguez while the criminal prosecution against Defendants was pending in *U.S. v. Rodriguez et al.,* 05-CR-00448-EWN. Plaintiffs believed that because their testimony in the criminal case could potentially put Defendants Moises Rodriguez and Maria Rodriguez in prison for ten years, Defendants Moises and Maria Rodriguez were more likely to intimidate the anonymous Plaintiffs to prevent them from testifying. Plaintiffs never allege that they fear Defendants Andy Grant or Grant Family Farms, and do not allege that Grant or Grant Family Farms have ever made threats of physical harm.

The Rodriguez Defendants have pled guilty in the criminal case and Judge Nottingham has imposed sentence. Defendants Moises and Maria Rodriguez are currently on three years supervised release, and Javier Rodriguez is serving three years of

probation. Among the terms and conditions of Defendants' supervised release and Javier Rodriguez' probation are that they shall not commit any new crimes, shall not possess a firearm or any other dangerous weapon, shall not leave the judicial district without permission of the court, shall work regularly at a lawful occupation, and shall permit a probation officer to visit them at any time at home or elsewhere.

Defendants Andy Grant and Grant Family Farms were not named defendants in the criminal case *U.S. v. Rodriguez et al.* Nowhere in Plaintiffs motion do they mention that they are moving to proceed anonymously because of a fear of Grant or Grant Family Farms.

Because the criminal prosecution against the Rodriguez family has concluded and sentences already imposed, Plaintiffs John Does I-V no longer have reason to fear retaliation as a result of their participation in the criminal prosecution. Furthermore, Grant and Grant Family Farms will be prejudiced if Plaintiffs were allowed to proceed anonymously because Defendants cannot conduct discovery, establish defenses, or attack the credibility of the Plaintiffs.

## CONCLUSION

WHEREFORE, Defendants Andrew L. Grant and Grant Family Farms respectfully request that this Court:

1. Order the anonymous Plaintiffs to amend the complaint to include the names of the Plaintiffs; or, in the alternative

2. Order the anonymous Plaintiffs to reveal their identities to this Court and Defendants, and issue a protective order otherwise sealing the names of the Plaintiffs.

Respectfully submitted this 8th day of January, 2007.

> *s/ Patrick L. Ridley*
> _____
> Patrick L. Ridley
> Robert F. Fishman
> Ridley, McGreevy & Weisz, P.C.
> 1800 15th Street, Suite 101
> Denver, CO 80202
> (303)629-9700
> (303)629-9702 – facsimile
> ridley@rmwpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2007, I served a true and correct copy of the foregoing **DEFENDANT ANDREW L. GRANT'S RESPONSE TO PLAINTIFFS' MOTION SEEKING LEAVE TO PROCEED ANONYMOUSLY** via the USDC CM/ECF system to the following:

Patricia Medige
Colorado Legal Services
pmedige@colegalserv.org

> *s/ Erin C. McCormick*
> _____
> Erin C. McCormick

9