IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00805-LTB
06-mc-00017-LTB

JOHN DOES I-V

    Plaintiffs,

v.

MOISES RODRIGUEZ, individually, and in his official capacity,
MARIA RODRIGUEZ, individually, and in her official capacity,
ANDREW L. GRANT, individually, and in his official capacity, and
GRANT FAMILY FARMS, INC., a Colorado corporation

    Defendants.

---

**DEFENDANT GRANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AS UNTIMELY ANDREW L. GRANT'S RESPONSE TO PLAINTIFFS' MOTION SEEKING LEAVE TO PROCEED ANONYMOUSLY**

---

Defendant Andrew L. Grant, through undersigned counsel, respectfully requests that this Court deny Plaintiffs John Does I-IV's (collectively, "Plaintiffs") motion to strike as untimely Grant's response to Plaintiffs' motion seeking leave to proceed anonymously. As grounds in support, Mr. Grant states as follows.

SUMMARY OF POSITION

Plaintiffs' motion to strike should be denied for any number of independent reasons. First and foremost, the motion must be denied because it is premised solely upon the incorrect assumption that Grant's response opposing Plaintiffs' motion to proceed anonymously was filed untimely. In point of fact, Plaintiffs have *never* served Grant with a copy of Plaintiffs' motion and thus, the time for Grant to respond to that

motion has not expired (or begun to run) even as of this writing.  Indeed, because of Plaintiffs' failure to comply with the requirement of the Local Rules that all pleadings include a certificate of service, the timeliness of Grant's response in opposition arguably is moot because Plaintiffs' motion to proceed should be stricken or denied altogether. Plaintiffs' attempt to strike as untimely a response to a motion that has never been served on Grant is a request that not only should be denied, but a request that borders on the sanctionable.

Second, the only reason Grant filed his response to Plaintiffs' motion to proceed anonymously when he did, is that Plaintiffs' counsel and Grant's counsel agreed, in *general*, to limit the amount of fees incurred while the parties attempted to negotiate the settlement of this case and counsel agreed, *in particular*, that Grant would not file a response objecting to Plaintiffs' motion to proceed anonymously while those negotiations were ongoing.  Once those negotiations broke down, Grant promptly filed his response. Plaintiffs' motion to strike, because it constitutes a flat-out repudiation of the parties' informal agreement, should not only be denied, it is a motion that borders on the frivolous.

Third, a long and consistent line of authority from this and other jurisdictions establishes that Plaintiffs should not be permitted to proceed anonymously.  Grant's response does nothing more than alert this Court to the law which controls Plaintiffs' motion, and which compels the conclusion that to grant Plaintiffs' motion would be antithetical to the fundamental nature of our court system as a public and transparent system of justice.  Plaintiffs' motion should, therefore, be denied because Plaintiffs can

2

have no reasonable objection to this Court resolving their motion to proceed anonymously consistent with controlling legal principles.

Fourth, and finally, Plaintiffs have suffered absolutely no prejudice from the timing of Grant's response. On the contrary, and at most, the timing of Grant's response has merely enabled Plaintiffs to proceed anonymously for a longer period of time than they might otherwise have been permitted to do. But, because proceeding anonymously is precisely what Plaintiffs' desire, they can have suffered no prejudice from being allowed to do so for a marginally longer period of time.

## ARGUMENT

1.  Plaintiffs' Motion To Strike Must Be Denied
    Because Grant's Response Was Not
    Untimely.

Plaintiffs' motion to strike is premised upon the contention that Grant's response in opposition was filed untimely. However, the undisputed facts establish that Plaintiffs never served Mr. Grant with their motion to proceed anonymously – indeed, the pleading contains no certificate of service at all. Plaintiffs cite no authority, and Grant is aware of none, holding that Local Rule 7.1's twenty-day deadline for filing a response applies to motions that have not been properly served, and such a rule would defy common sense.

Moreover, because Plaintiffs' motion violates Local Rule 5.1 F, which specifically requires, "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service", the question of whether Grant's response was filed timely arguably is moot, because Plaintiffs' motion to proceed anonymously simply should be denied for the failure to include a certificate of service. *See, e.g., United States v. Davis,* ___ F.Supp.2d. ___, 2006 WL 1006527 at *1 (S.D.Tex. April 13, 2006) (striking motion

3

that did not contain a certificate of service); *Coffin v. Ingersoll*, 1993 WL 208806 at *6 fn.3 (E.D.Pa. June 11, 1993) (summarily denying motion for failure to include a certificate of service).

2. Plaintiffs' Motion To Strike Must Be Denied Because It Was Filed Consistent With The Informal Agreement Of The Parties Intended To Facilitate Settlement.

Plaintiffs filed their Motion Seeking Leave to Proceed Anonymously on April 19, 2006. On April 26, Plaintiffs filed their Complaint and Demand for Jury Trial. The Complaint was not served upon Mr. Grant until on or about August 29, 2006. Shortly thereafter, undersigned counsel and local counsel for Plaintiffs (Patricia Medige) began to explore the possibility of a settlement and counsel met in person to do so. On September 6, 2006, the parties agreed to extend the time for Grant to respond to Plaintiffs' complaint while settlement negotiations continued.

On November 3, 2006, and as part of the parties' ongoing settlement discussions, undersigned counsel, counsel for defendant Grant Family Farms, Inc. (Doug Jessop), and counsel for Plaintiffs (this time, Patricia Medige and her co-counsel, Jonathan Sherman and Courtney Clixby of the New York/Washington, D.C. law firm of Bois, Schiller & Flexner) participated in a teleconference. All parties agreed that significant progress towards settlement appeared to have been made, and Plaintiffs' counsel expressly agreed to extend indefinitely the time within which Mr. Grant had to file his response to the Plainitffs' Amended Complaint. Undersigned also informed the parties that he intended to file a response to the Motion to Proceed Anonymously, and Mr. Sherman specifically

4

proposed that the parties suspend further litigation or court filings pending settlement discussions. Undersigned agreed.[1]

Plaintiffs, through counsel Sherman, expressly requested that Grant delay filing his response to Plaintiffs' motion while settlement negotiation were ongoing. Once those negotiations failed, Grant promptly filed his response consistent with the parties' agreement, even though he was not required to do so under any rule. For Plaintiffs to now repudiate the very stipulation they had proposed, and urge that Grant's response be stricken notwithstanding the parties' agreement, is a litigation tactic that should not be condoned by this Court.

3. <u>Plaintiffs' Motion To Strike Should Be Denied And This Court Should Resolve Plaintiffs' Motion To Proceed Anonymously Consistent With Controlling Legal Principles.</u>

Grant's response does nothing more than establish that controlling legal precedent requires the denial of Plaintiffs' motion. Plaintiffs' motion to strike should therefore be denied, because Plaintiffs' cannot seriously contend that this Court resolve their motion without regard to the law that guides and controls this Court's decision.

But, even aside from a studied consideration of the law, it is evident that Plaintiffs' motion to proceed anonymously is exceptionally weak, if not flat out frivolous. The motion to proceed anonymously primarily was based upon Plaintiffs' fear of Defendants' Moises and Maria Rodriguez (the "Contractor Defendants"). Since the time

---

[1] Because Plaintiffs failed to properly serve Grant with their motion to proceed anonymously, no Court order or provisions of the Federal or Local Rules Of Civil Procedure established a deadline within which Grant was required to respond. As such, the parties' informal agreement in no way contravenes the prohibitions contained in Local Rule 6.1(E).

5

of filing their initial motion, however, the Contractor Defendants have been deported or removed from the country. As such, Plaintiffs' argument in favor of anonymity disappeared along with the Contractor Defendants.

Undeterred, Plaintiffs still seek to proceed anonymously based on the remarkable contention that, now that the Contractor Defendants have been convicted of criminal wrongdoing and returned to Mexico, their fear for their safety is even greater than it was before. Incredibly, they "substantiate" this claim by saying, not that they have any actual information that would lead any reasonable person to think that Mr. Grant poses any threat to them whatsoever, but by acknowledging that they have almost no information about Mr. Grant at all! Thus, Plaintiffs' reason that they should be permitted to proceed anonymously because they have no information about Mr. Grant and thus, they rightly fear him. The argument is as ridiculous as it is insulting.

Our system of justice is a public and transparent system in which parties are permitted to proceed in secret in only the most compelling cases. Plaintiffs' arguments for doing are not only not compelling, they verge on being frivolous.

4.     <u>Plaintiffs Have Suffered No Prejudice.</u>

Plaintiffs have suffered no prejudice as a result of the timing of Grant's response. On the contrary, Plaintiffs have been permitted to proceed as they wish for longer than they might otherwise have been allowed. In addition, Grant's response was filed exactly as Plaintiffs themselves suggested. The lack of prejudice is yet another reason that the motion to strike should be denied.

**WHEREFORE,** Mr. Grant respectfully requests the Court to deny Plaintiffs' motion to strike.

6

Respectfully submitted this 6th day of February, 2007.

          *s/ Patrick L. Ridley*
          _____
          Patrick L. Ridley
          Robert F. Fishman
          Ridley, McGreevy & Weisz, P.C.
          1800 15th Street, Suite 101
          Denver, CO 80202
          (303)629-9700
          (303)629-9702 – facsimile
          ridley@rmwpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2007, I served a true and correct copy of the foregoing **DEFENDANT GRANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AS UNTIMELY ANDREW L. GRANT'S RESPONSE TO PLAINTIFFS' MOTION SEEKING LEAVE TO PROCEED ANONYMOUSLY** via the USDC CM/ECF system to the following:

Patricia Medige
Colorado Legal Services
pmedige@colegalserv.org

          *s/ Erin C. McCormick*
          _____
          Erin C. McCormick

7