IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00805-LTB

JOHN DOES I-V

    Plaintiffs,

v.

MOISES RODRIGUEZ, individually, and in his official capacity,
MARIA RODRIGUEZ, individually, and in her official capacity,
ANDREW L. GRANT, individually, and in his official capacity, and
GRANT FAMILY FARMS, INC., a Colorado corporation

    Defendants.

---

ANDREW L. GRANT'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

---

    Defendant Andrew L. Grant ("Grant"), through undersigned counsel, submits the following reply to *Plaintiffs' Response To Andrew L. Grant's Motion To Dismiss Plaintiffs' First Amended Complaint.* ("Plaintiffs' Response").

    Plaintiffs' Response to Grant's motion to dismiss amounts to almost no "response" at all.  On the one hand, Plaintiffs ignore nearly all of the law cited by Grant in support of his motion to dismiss while, on the other hand, they focus primarily upon refuting a claim that Grant never advances, *to wit,* the notion that Plaintiffs are "required to know – and plead – every possible fact", *Plaintiffs' Response* at p. 1, about Grant that might support holding him individually liable for the alleged violations of law set forth in Plaintiffs' First Amended Complaint.

But, Grant does not argue that Plaintiffs are required to know and plead all of the facts that might support their claims in order to withstand a motion to dismiss. On the contrary, Grant's motion to dismiss is premised upon the unremarkable proposition that, in order to withstand a motion to dismiss for the failure to state a claim, Plaintiffs' *Amended Complaint* must contain at least some well-pled allegations that support each and every element of their claims for relief – something Plaintiffs fail to do.[1]

Nevertheless, Plaintiffs repeatedly argue that discovery in this case could, at least in theory, provide them with actual evidence in support of their claims for relief, *Plaintiffs' Response* at pp. 2, 8. That fact, however, does not, and cannot, relieve them of the requirement that they advance well-pled allegations in support of their claims now. Because Plaintiffs' have failed to do so, all of Plaintiffs' claims against Grant must be dismissed.

---

[1] *See, e.g., Moore v. Potter*, 141 Fed.Appx. 803, 807 (11th Cir.2005) (trial court properly dismissed complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim where, "[t]hroughout his complaint, [plaintiff] failed to allege facts remotely sufficient to support the necessary elements, outlined above, for any of his claims"); *Looper Maintenance Serv., Inc. v. City of Indianapolis,* 197 F.3d 908, 911 (7th Cir.1999) (a complaint must allege facts bearing on all material elements "necessary to sustain a recovery under some viable legal theory"); *Zhang v. Wang*, ___ F.Supp.2d ___, 2006 WL 2927173 at *2 (E.D.N.Y. Oct. 12, 2006) (where no allegations are made concerning "a central element of a claim", that claim must be dismissed under Rule 12(b)); *Searcy v. Skinner*, ___ F.Supp.2d ___, 2006 WL 1677177 at *2 (D.S.C. June 16, 2006) (where complaint "has clearly failed to allege any set of facts that satisfies the aforementioned elements [of a RICO claim,] Plaintiff's RICO claim must be dismissed for failure to state a cause of action upon which relief may be granted"); *Classic Communications, Inc. v. Rural Telephone Service Co., Inc.,* 1996 WL 748362 at *9 (D.Kan. Dec. 4, 1996) (where "plaintiff's first amended complaint fails to allege facts to support all essential elements of a claim for tortious interference with contract", the claim is subject to dismissal); *Middlemist v. BDO Seidman, LLP*, 958 P.2d 486, 490 (Colo.App.1997) ("the trial court dismissed this claim on the basis that 'no claim [was] asserted against Collins alleging that he has any individual duty to pay or equalize the pay of [plaintiff and w]e agree that such an allegation was necessary to state a claim" for relief under the Fair Labor Standards Act).

ARGUMENT

1.      Plaintiffs' FLSA Claim Must Be Dismissed.

Grant argues that Plaintiffs' FLSA claim must be dismissed because Plaintiffs do not (and cannot) allege a single fact that supports even the inference that Grant played a direct role in compensating Plaintiffs or a direct role in the alleged failure to pay FLSA-required wages. Quite the contrary, Plaintiffs' *Amended Complaint* is clear and consistent in establishing that their FLSA claim is premised solely upon the alleged conduct of the Contractor Defendants:

> -Contractor Defendants "paid the Plaintiff Workers . . . [and] drafted their checks and handled the bookkeeping", ¶95;
>
> - Contractor Defendants "were making numerous unauthorized and illegal deductions from their pay" including charges for rent, transport, cleaning and "the ongoing total of smuggling fees owed", ¶96;
>
> - Contractor Defendants "'rounded-down' the numbers of hours worked", ¶99; and,
>
> - Contractor Defendants charged Plaintiffs a "check-cashing fee", ¶100.

By Plaintiffs' own account, it is this conduct – the conduct of the Contractor Defendants and their conduct alone – that allegedly had the net affect of "Plaintiff Workers [being] paid much less than the minimum wage of $5.15 per hour mandated by the FLSA". ¶101. In contrast, Plaintiffs' *Amended Complaint* contains no allegation that Grant played any role in any of the aforementioned activity, nor does it allege that Grant played any other role related to the compensation of Plaintiffs.

Grant's argument in support of the dismissal of Plaintiffs' FLSA claim is premised on the lack of any allegations connecting Grant directly to the pay practices being complained of by Plaintiffs, and the equally clear and consistent line of authority establishing that, "a

3

corporate officer with operational control *who is directly responsible for a failure to pay statutorily required wages* is an 'employer' along with the corporation, and is jointly and severally liable for the payment of wages [under the FSLA]".  *Schneider v. Landvest Corp.,* 2006 WL 322590 at *22 (D.Colo. Feb. 9, 2006) (emphasis added).  *See also Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 678 (1st Cir.1998) (in determining whether corporate officers can be held individually liable for violations of the FLSA, courts "focus[] on the role played by the corporate officers in *causing the corporation to undercompensate employees* and to prefer the payment of other obligations and/or the retention of profits") (emphasis added); *Sasso v. Cervoni*, 985 F.2d 49, 50 (2nd Cir.1993) ("courts have imposed liability for a corporation's minimum wage obligations upon a corporate officer who was *personally responsible for making (or not making) the required payments*") (emphasis added); *Baird v. Kessler*, 172 F.Supp.2d 1305, 1312 (E.D.Cal.2001) ("[t]his court does not believe that Congress intended to make each individual manager and officer within a business, public or private, personally liable for violations of the FLSA, when a manager or officer cannot control the very things which may lead to violations of the FLSA"); *Wilke v. Salamone*, 404 F.Supp.2d 1040, 1050-51 (N.D.Ill.2005) (individual liability under the FLSA turns on "whether the individual had control over the alleged violation of the FLSA"); *Freemon v. Foley,* 911 F.Supp. 326, 331 (N.D.Ill.1995) ("so long as [a defendant] possess[es] control over *the aspect of employment alleged to have been violated*, the FLSA will apply to that individual") (emphasis added).

     Plaintiffs' "response" to this argument is to stubbornly ignore *all* of the authority that Grant relies upon in support of dismissal, and to ignore the question of whether Plaintiffs have made any allegations that could support the inference that Grant played a direct role in

4

compensating Plaintiffs. Instead, Plaintiffs attempt to salvage their FLSA claim by arguing, simply, that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages" -- regardless of whether that "operational control" extends in any way to the responsibility for the payment of wages. *Plaintiffs' Response* at p. 9.

The only published authority that Plaintiffs cite as support for their interpretation of the FLSA is *Patel v. Wargo*, 803 F.2d 632 (11th Cir.1986), a case that Plaintiffs acknowledge turns on the application of *Donovan v. Agnew,* 712 F.2d 1509 (1st Cir.1983). Neither *Patel* nor *Donovan* provides any support for Plaintiffs' position, however. In fact, both cases provide additional, and compelling, support for the conclusion that Grant cannot be held individually liable for alleged violations of the FLSA in the absence of any allegations that he had direct responsibility for the pay practices leading to the alleged violations about which Plaintiffs complain.

The court in *Patel* affirmed the trial court's ruling that the President, director and principal stockholder of the employer corporation *could not* be held individually liable for alleged violations of the FLSA because on grounds that, in order to do so, plaintiff was required to prove that the corporate officer had, "'a significant ownership interest [and] had operational control of significant aspects of the corporation's day to day functions, *including compensation of employees*, *and who personally made decisions to continue operations despite financial adversity during the period of nonpayment*'". *Patel*, 803 F.2d at 638 (quoting *Donovan v. Agnew,* 712 F.2d at 1514) (emphasis added). The *Patel* court specifically distinguished its holding of no individual liability from the holding of officer liability in *Donovan v. Agnew,* on ground that, "in contrast to the [*Donovan v*.] *Agnew* case,

5

the facts in this case indicate that [the individual corporate officer] did not have operational control of significant aspects of [the corporate employer's] day-to-day functions, including compensation of employees". *Patel*, 803 F.2d at 638.[2]

The very same conclusion applies here: While Grant may have exercised some control over the operations of the Family Farm Corporation, Plaintiffs do not (and cannot) allege that he had any direct responsibility for the compensation practices being complained of and which are alleged to have resulted in a violation of the FLSA. As such, he cannot be held individually liable on Plaintiffs' first claim for relief and that claim must be dismissed as to Grant for the failure to state a claim.

2.     <u>Plaintiffs AWPA Claim Must Be Dismissed.</u>

Grant seeks the dismissal of Plaintiffs' Second Cause of Action alleging that the provisions of the AWPA were violated by Contractor Defendants on grounds that, without exception, Plaintiffs' *Amended Complaint* fails to allege any facts that are relevant to, and which could support a finding that, Grant was a "joint employer" of Plaintiffs together with the Contractor Defendants for purposes of AWPA (and FLSA) liability. More specifically, Grant argues that the *Amended Complaint* contains no allegations that could support a finding that Grant is a "joint employer" considering:

  (A) The nature and degree of control of the workers;

  (B) The degree of supervision, direct or indirect, of the work;

  (C) The power to determine the pay rates or the methods of payment of the workers;

---

[2] The only other authority cited by Plaintiffs in support of their "operational control" argument is *Antunez v. G&C Farms, Inc.,* 1993 WL 451344 (D.N.M. Aug. 9, 1993). Because the only authority relied upon by *Antunez* in support of its holding is *Patel* and *Donovan*, to the extent the case supports Plaintiffs' argument, it must be regarded as a case which misapplies the holdings of *Patel* and *Donovan.*

>    (D)   The right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; [and]
>
>    (E)   Preparation of payroll and the payment of wages.

Plaintiffs do not dispute Grant's argument on the merits. Instead, they argue that Grant's reliance on these five factors is misguided, and Plaintiffs discuss none of them, because other factors applicable to the so-called "economic realities" test should be applied by this Court, including such things as the degree of control exerted by the alleged joint employer, the opportunity for profit, whether the worker performs skilled tasks, *etc. Plaintiffs' Response* at p. 5.

Plaintiffs are wrong. A long line of authority applies the five "joint employer" factors identified above, which factors have been developed by the Department of Labor to guide the determination of whether an individual or entity can be considered a "joint employer" for purposes of AWPA or FLSA liability.[3]

At the same time, other courts expressly have rejected the "economic realities" test urged by Plaintiffs here, holding that that test applies only to the determination of whether a particular worker is an employee or an independent contract so as to fall within the AWPA's protections, and not to the question of whether an individual or entity can be deemed to be a

---

[3] *See, e.g., Aimable v. Long and Scott Farms*, 20 F.3d 434, 438 (11th Cir.1994) ("[i]n determining whether such a joint employment relation exists . . . [t]he factors considered significant by the courts in these cases and to be used as guidance by the Secretary, include, but are not limited to, the following: (a) The nature and degree of control of the workers; (b) The degree of supervision, direct or indirect, of the work; (c) The power to determine the pay rates or the methods of payment of the workers; (d) The right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (e) Preparation of payroll and the payment of wages") (citing 29 C.F.R. § 500.20(h)(4)(ii)); *Sanchez-Calderon v. Moorhouse Farms*, 995 F.Supp. 1098, 1107 (D.Or.1997) (same); *Barrientos v. Taylor*, 917 F.Supp. 375, 381 (D.N.C.1996) (same); *Alviso-Medrano v. Harloff*, 868 F.Supp. 1367, 1370 (M.D.Fla.1994) (same).

"joint employer" for purposes of liability – the question presented here.[4]

Plaintiffs' *Amended Complaint* contains no well-pled allegations that could support finding Grant to have been a "joint employer" of the Plaintiffs under the five criteria relevant to such a determination. Plaintiffs' second claim for relief must, therefore, be denied.

3. Plaintiffs' Unjust Enrichment Claim Must Be Dismissed.

Plaintiffs' entire three sentence argument in response to Grant's contention that their claim for unjust enrichment must be dismissed is to say that it gives Grant adequate "notice" of their claim, and that additional discovery is required.

Again, while there can be no doubt that discovery can often provide a plaintiff with actual evidence in support of a claim for relief, Plaintiffs cannot simply assert a claim for relief without any well-pled allegations to support it in the hopes that, eventually, they will discover facts that support such a claim. Although the burden of requiring a Plaintiff to allege facts sufficient to satisfy each element of a claim for relief is not great, Plaintiffs have fallen far short of satisfying that burden here. Thus, Plaintiffs' claim of unjust enrichment fails to state a claim for relief and must be dismissed.

Respectfully submitted this 6th day of February 2007.

s/ Patrick L. Ridley

---

[4] *See, e.g., Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 678 (1st Cir.1998) ("because the inquiry before us [in *Donovan v. Agnew,* 712 F.2d 1509 (1st Cir.1983)] concerned personal liability, the well-established elements of the 'economic reality' test [control, profit, skill, duration, integral nature of work] commonly used to determine whether individuals should be excluded from the Act's coverage because of their status as independent contractors rather than employees *were not applicable*") (emphasis added).

                          Patrick L. Ridley
                          Robert F. Fishman
                          Ridley, McGreevy & Weisz, P.C.
                          1800 15th Street, Suite 101
                          Denver, CO 80202
                          (303)629-9700
                          (303)629-9702 – facsimile
                          ridley@rmwpc.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of February 2007, I served a true and correct copy of the foregoing ANDREW L. GRANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT via the USDC CM/ECF system to the following:

Patricia Medige
Colorado Legal Services
pmedige@colegalserv.org

                          s/ Erin C. McCormick
                          _____
                          Erin C. McCormick