**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.     06-cv-805-LTB
                           06-mc-17-LTB

JOHN DOES I-V,

       Plaintiffs,
v.

MOISES RODRIGUEZ, individually, and in his official capacity,
       a/k/a MOISES RODRIGUEZ-TENA
       a/k/a MOISES TENA RODRIGUEZ, *et al.*

       Defendants.

**PLAINTIFFS' REPLY TO DEFENDANT GRANT'S RESPONSE
TO PLAINTIFFS' MOTION TO STRIKE AS UNTIMELY ANDREW L. GRANT'S REPONSE
TO PLAINTIFFS' MOTION SEEKING LEAVE TO PROCEED ANONYMOUSLY**

Plaintiffs John Does I-V, through counsel, submit this reply to Defendant Grant's Response to Plaintiffs' Motion to Strike dated February 6, 2007 (06-cv-805, Doc.14; 06-mc-17, Doc. 6). Defendant Grant fails to demonstrate that he filed his January 8, 2007 Response to Plaintiffs' Motion Seeking Leave to Proceed Anonymously in a timely manner, or that any putative agreement among the parties could have extended time limits, which is impermissible under D.C.COLO.LCivR 6.1(E).  Finally Defendant Grant attempts to reargue the merits of Plaintiffs' Motion Seeking Leave to Proceed Anonymously ("Anonymity Motion"), which already were addressed in separate briefing.

**ARGUMENT**

    1.    <u>Arguments Related to Service of Process Fail</u>

Defendant Grant first asserts that due to a lack of a certificate of service, the original Anonymity Motion, filed April 19, 2006, is either moot or does not trigger any response date. Plaintiffs disagree.

First, the Anonymity Motion no doubt presents a novel issue for Plaintiffs and their counsel. The facts of this case, specifically, the egregious abuse and intimidation inflicted on the John Does, lead to this, the first-ever filing by Colorado Legal Services of an Anonymity Motion. Procedurally, the rules for filing are not entirely clear, particularly in the Tenth Circuit. *See, e.g. Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000). Plaintiffs' understanding was that the Motion to Proceed Anonymously should be filed first, not as required by the Federal Rules of Civil Procedure, which are mute on the issue, but under Tenth Circuit precedent, which states that a party wishing to file a case anonymously or under a pseudonym must first petition the court to do so. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). Plaintiffs did just that on April 19, 2006, before filing the Complaint on April 27, 2006.

Further, Fed. R. Civ. P. 5(a) requires service of every pleading *subsequent* to the original complaint. Plaintiffs believed that since the Anonymity Motion was filed first, as required in the Tenth Circuit, it did not fall within Fed. R. Civ. P. 5(a). Nor did they determine that D.C.COLO.LCivR 5.1(F) contradicted Rule 5(a), believing that it either applied to facsimile filing or to pleadings filed subsequent to the complaint, consistent with Fed. R. Civ. P. 5(a). Regardless, Plaintiffs took pains to inform all Defendants about the pending Anonymity Motion. Both the

Complaint, filed April 26, 2006, and the First Amended Complaint, filed November 2, 2006, referenced the pending Motion in the very first paragraph of the Introduction. Fed. R. Civ. P. 4 obviously governs service of the summons and complaint. No defendant has argued that Plaintiffs failed to comply with Rule 4 service of the summons and complaint. Thus defendants were informed of the motion from the time of service of the original Complaint, at the latest. In fact, Defendant Grant Family Farms filed its Advice of Bankruptcy in this case on May 4, 2006 (Case. No #06-805, Doc 2). This suggests that Defendant Andrew Grant, as President of the company and the individual who signed off on the Bankruptcy Petition (Doc. 2-2, p. 4 of 11) had almost immediate knowledge of the Anonymity Motion, knowing of the complaint. Irrespective of this, Plaintiffs were under the good faith belief that they had complied with the spirit and the letter of the rules.

Thus Plaintiffs assert that they complied with procedural rules governing service. Further, as stated in the Motion to Strike filed January 23, 2007, the rules governing response time, as set forth at D.C.COLO.LCivR 7.1(c) refer to the time after *filing*. As Defendant Grant suggests, there appears to be no case law interpreting this issue. Nevertheless, Plaintiffs made all Defendants aware of the Motion upon serving the Complaint, so at the latest, the twenty day response time limit should begin at that service.

Even assuming, *arguendo*, that there were irregularities with service, Defendant Grant's acknowledgement of actual notice of its existence and contents, reflected in his previous filings, can give the court grounds to waive compliance with the service provisions of Fed. R. Civ. P. 5. According to at least one authority:

> Compliance with the service provisions of Rule 5 may be expressly waived by court order.  It is within a judge's discretion whether to grant such a waiver. Waiver of this sort can be granted when the party complaining about the failure of service of a given document appears and contests issues in that same document, thus acknowledging actual notice of its existence and contents.

*Moore's Federal Practice – Civil* ¶ 5.05 (Matthew Bender 3d ed. 2006)

2.    Defendant Grant's Claim of "Informal" Agreement to Extend Time Limitation Contravenes D.C.COLO.LCivR 6.1(E)(1)

Defendant Grant then attempts to argue that the parties entered into an agreement to extend case deadlines.  First, Plaintiffs consider it inappropriate to discuss the particulars of settlement discussions.  Even where such disclosure may be permissible under the letter of Fed. R. Ev. 408, Plaintiffs believe that it is an unwise and inappropriate practice that will only serve to chill future discussions, in this and future cases.  Thus, while Plaintiffs disagree with many of Defendant Grant's characterizations, Plaintiffs decline to enter into a swearing contest regarding past settlement discussions.  Suffice it to say that the Defendant Grant first took an adversarial stance on October 13, 2006, with the filing of a Motion to Dismiss (06-cv-805, Doc. 6), while even then failing to respond to the April 19 Anonymity Motion.

Second, although Defendant Grant inserts a dismissive footnote, D.C.COLO.LCivR 6.1(E)(1) expressly negates agreements by the parties to shorten or extend any time limitation provided by the Federal or local rules.  The rule states that no such agreement will be recognized or enforced, "nor will such an agreement be considered just cause for failing to perform within the time limits established by those rules." D.C.COLO.LCivR 6.1(E)(1). So even if there were such an agreement it would not be enforceable or excuse the failure to perform within the local rules.

3.  <u>Arguments on the Merits of the Motion are Beyond the Scope of this Response</u>

The local rules make it abundantly clear that Motions may be followed by a Response and then a Reply by the moving party. D.C.COLO.LCivR 7.1(C). The Anonymity Motion has been pleaded fully in this manner, with the Response filed January 8, 2007 and Plaintiffs' Reply dated January 26, 2007. Defendant Grant's third argument, regarding the merits of the Anonymity Motion, is a transparent attempt to insert another, impermissible, level of reply to that motion. For example, this argument responds to the apparent deportation of the Contractor Defendants, which only was raised in Plaintiffs' Reply of January 26, 2007. Although Plaintiffs are presently challenging this Response as untimely, the Motion to Strike briefing should not be used as an opportunity to reply yet again regarding the merits of the Motion itself. Such arguments are beyond the scope of the Motion to Strike.

4.  <u>Defendant Grant Attempts to Intimidate</u>

The overheated rhetoric of Defendant Grant's reply fails to compensate for the lack of legal merit. In his seven-page Response, he repeatedly characterizes Plaintiffs' Motion as one that "borders on the sanctionable," "borders on the frivolous," and "exceptionally weak, if not flat out frivolous." Defendant Grant characterizes Plaintiffs' argument as "as ridiculous as it is insulting" and states that the arguments "verge on being frivolous." The repeated use of legally-charged terms such as "frivolous" and the suggestion of sanctions – intimating that somehow Plaintiffs should be punished for their good faith efforts to vindicate their rights -- appear to be yet more of

5

the sort of intimidation that these migrant farm worker Plaintiffs have experienced repeatedly since their employment began in 2004.

WHEREFORE, Plaintiffs respectfully request that this Court strike Defendant Andrew L. Grant's Response to Plaintiffs' Motion Seeking Leave to Proceed Anonymously as untimely.

Dated: February 26, 2007

/s Patricia Medige
Patricia Medige
**Colorado Legal Services**
1905 Sherman Street, Suite 400
Denver, CO  80203
Telephone: (303) 866-9385
FAX: (303) 830-7860
E-mail:   pmedige@colegalserv.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2007, I electronically filed the foregoing PLAINTIFFS' REPLY TO DEFENDANT GRANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AS UNTIMELY ANDREW L. GRANT'S REPONSE TO PLAINTIFFS' MOTION SEEKING LEAVE TO PROCEED ANONYMOUSLY using the EM/ECF system which will send notification of such filing to the following e-mail addresses:

    Patrick L. Ridley
    ridley@rmwpc.com

    Patricia L. Medige
    pmedige@colegalserv.org

    /s Patricia Medige
    Patricia Medige
    Attorney for Plaintiffs
    **Colorado Legal Services**
    1905 Sherman Street, Suite 400
    Denver, CO  80203
    Telephone: (303) 866-9385
    FAX: (303) 830-7860
    E-mail: pmedige@colegalserv.org