## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00805-LTB

JOHN DOES I-V,

      Plaintiffs,

v.

MOISES RODRIGUEZ, individually, and in his official capacity,
MARIA RODRIGUEZ, individually, and in her official capacity,
ANDREW L. GRANT, individually, and in his official capacity, and
GRANT FAMILY FARMS, INC., a Colorado corporation,

      Defendants.

---

## ANDREW L. GRANT'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

---

Defendant Andrew L. Grant, individually, and in his official capacity ("Defendant Grant"), hereby responds to Plaintiffs' First Amended Complaint as follows:

### RESPONSES TO SPECIFIC ALLEGATIONS

Defendant Grant responds to the allegations set forth in the numbered paragraphs of Plaintiffs' First Amended Complaint as follows:

1.     Defendant Grant admits that Count 1 of Plaintiffs' First Amended Complaint sought leave to proceed anonymously as John Does I through V.  With respect to the remaining allegations in paragraph 1, Defendant Grant avers that this Court's Order of March 2, 2007 speaks for itself.  Thus, Defendant Grant denies the remaining allegations of paragraph 1.

2.     Defendant Grant denies the allegations of paragraph 2.

3.      Defendant Grant denies the allegations of paragraph 3.

4.      Defendant Grant denies the allegations of paragraph 4.

5.      The allegations of paragraph 5 are directed at Defendants other than Defendant Grant and therefore Defendant Grant denies the allegations of paragraph 5.  To the extent that the allegations are directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.      Defendant Grant denies the allegations of paragraph 6.

7.      Paragraph 7 contains a statement of law to which no response is required.  To the extent that a response may be required, the allegations in paragraph 7 are denied.

8.      Paragraph 8 contains a statement of law to which no response is required.  To the extent that a response may be required, the allegations in paragraph 8 are denied.

9.      Paragraph 9 contains a statement of law to which no response is required.  To the extent that a response may be required, the allegations in paragraph 9 are denied.

10.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.  Defendant Grant therefore denies the allegations of paragraph 10.

11.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.  Defendant Grant therefore denies the allegations of paragraph 11.

12.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.  Defendant Grant therefore denies the allegations of paragraph 12.

13.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.  Defendant Grant therefore denies the allegations of paragraph 13.

14.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.  Defendant Grant therefore denies the allegations of paragraph 14.

15.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.  Defendant Grant therefore denies the allegations of paragraph 15.

16.     Paragraph 16 is a request directed to the Court, which requires no response. To the extent that a response may be required, the allegations in paragraph 16 are denied.

17.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.  Defendant Grant therefore denies the allegations of paragraph 17.

18.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.  Defendant Grant therefore denies the allegations of paragraph 18.

19.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.  Defendant Grant therefore denies the allegations of paragraph 19.

20.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.  Defendant Grant therefore denies the allegations of paragraph 20.

21.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.  Defendant Grant therefore denies the allegations of paragraph 21.

22.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.  Defendant Grant therefore denies the allegations of paragraph 22.

23.     Defendant Grant denies the allegations of paragraph 23.

24.     The allegations of paragraph 24 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 24 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     The allegations of paragraph 25 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 25 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     The allegations of paragraph 26 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 26 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     The allegations of paragraph 27 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 27 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     The allegations of paragraph 28 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 28 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     The allegations of paragraph 29 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 29 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Defendant Grant admits that he resides at 172 Starbright Court, Wellington, Colorado, 80549.  Defendant Grant denies the remaining allegations of paragraph 30.

31.     Defendant Grant admits the allegations of paragraph 31.

32.     Defendant Grant admits the allegations of paragraph 32.

33.     Defendant Grant denies the allegations of paragraph 33.

34.     Defendant Grant admits that Grant Family Farms, Inc. grows, harvests, grades, processes, packs, and repackages, certain varieties of herbs and vegetables and sells such items in the state of Colorado and other states.  Defendant Grant denies the remaining allegations in paragraph 34.

35.     The allegations of paragraph 35 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 35 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     The allegations of paragraph 36 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 36 may be

directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.    The allegations of paragraph 37 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 37 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.    The allegations of paragraph 38 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 38 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.    The allegations of paragraph 39 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 39 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.    To the best of Defendant Grant's knowledge, Defendant Maria Rodriguez possessed a Farm Labor Contractor Certificate of Registration #C-06-557652-L-05-R that was approved on April 1, 2004 and expired December 31, 2005.  Defendant Grant denies the remaining allegations of paragraph 40.

41.    To the best of Defendant Grant's knowledge, Defendant Maria Rodriguez possessed a Farm Labor Contractor Certificate of Registration #C-06-557652-L-05-R.  With regard to the remaining allegations in paragraph 41, the document speaks for itself.

42.    Defendant Grant admits the allegations of paragraph 42.

43.    Defendant Grant admits the allegations of paragraph 43.

44.     Defendant Grant admits that as President of Grant Family Farms, Inc., he has supervision and authority over the property, affairs and business of Grant Family Farms Inc. Defendant Grant denies the remaining allegations of paragraph 44.

45.     Defendant Grant admits that Grant Family Farms, Inc. employed Felipe Muñoz as a foreman who oversaw other Grant Family Farms, Inc. employees, including but not limited to Ruben Gonzalez, who is no longer employed at Grant Family Farms, Inc., and that on occasion Felipe Muñoz and/or Ruben Gonzalez may have had the opportunity to interact with the Contractor Defendants.  Defendant Grant denies the remaining allegations in paragraph 45.

46.     Defendant Grant admits that he had ultimate control over the employees of Grant Family Farms, Inc.  Defendant Grant denies the remaining allegations of paragraph 46.

47.      Defendant Grant is without knowledge or information sufficient to form a belief as to the nature and/or contents of the state records referenced in paragraph 47.  Defendant Grant admits that he lived at 1017 W. County Road 72, Wellington, Colorado until approximately four years ago when he moved to 172 Starbright Court, Wellington, Colorado.

48.     Defendant Grant is without knowledge or information sufficient to form a belief as to the nature and/or contents of the state records referenced in paragraph 48.  Defendant Grant admits that the principal office of Grant Family Farms, Inc. is at 1020 W. County Road 72, Wellington, Colorado.

49.     The allegations of paragraph 49 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 49 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50.     The allegations of paragraph 50 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 50 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.     The allegations of paragraph 51 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 51 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.     The allegations of paragraph 52 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 52 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.     The allegations of paragraph 53 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 53 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     The allegations of paragraph 54 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 54 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     The allegations of paragraph 55 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 55 may be

directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.    The allegations of paragraph 56 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 56 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.    The allegations of paragraph 57 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 57 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.    The allegations of paragraph 58 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 58 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.    Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.  Defendant Grant therefore denies the allegations of paragraph 59.

60.    Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.  Defendant Grant therefore denies the allegations of paragraph 60.

61.    Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.  Defendant Grant therefore denies the allegations of paragraph 61.

62.     The allegations of paragraph 62 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 62 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     The allegations of paragraph 63 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 63 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.  Defendant Grant therefore denies the allegations of paragraph 64.

65.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.  Defendant Grant therefore denies the allegations of paragraph 65.

66.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.  Defendant Grant therefore denies the allegations of paragraph 66.

67.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.  Defendant Grant therefore denies the allegations of paragraph 67.

68.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.  Defendant Grant therefore denies the allegations of paragraph 68.

69.     The allegations of paragraph 69 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 69 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70.     The allegations of paragraph 70 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 70 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.     The allegations of paragraph 71 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 71 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.  Defendant Grant therefore denies the allegations of paragraph 72.

73.     Defendant Grant admits that Grant Family Farms, Inc. is an organic farm which frequently relies on manual weeding techniques to remove weeds from its fields.  Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73.  Defendant Grant therefore denies the remaining allegations of paragraph 73.

74.     Defendant Grant admits that Grant Family Farms, Inc. grows and harvests several varieties of vegetables in fields that are owned or leased by Grant Family Farms, Inc., including but not limited to, broccoli, squash and onions.  Defendant Grant is without knowledge or

11

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74.

75.     The allegations of paragraph 75 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 75 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

76.     The allegations of paragraph 76 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 76 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     The allegations of paragraph 77 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 77 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     The allegations of paragraph 78 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 78 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     The allegations of paragraph 79 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 79 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.  Defendant Grant therefore denies the allegations of paragraph 80.

81.     Defendant Grant admits that Grant Family Farms, Inc. employee Felipe Muñoz typically interacted with Defendant Moises Rodriguez approximately once or twice during the course of a workday.  Defendant Grant denies the remaining allegations of paragraph 81.

82.     Defendant Grant admits that Felipe Muñoz and Ruben Gonzalez are current and/or former employees of Grant Family Farms, Inc..  Defendant Grant denies the remaining allegations contained in paragraph 82.

83.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.  Defendant Grant therefore denies the allegations of paragraph 83.

84.     The allegations of paragraph 84 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 84 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Defendant Grant admits that Defendants Moises and Maria Rodriguez made no decisions about planting dates, harvest dates, crop rotation, or organic techniques.  Defendant Grant denies the remaining allegations of paragraph 85.

86.     Defendant Grant admits that he receives a salary for his position as salesperson for Grant Family Farms, Inc., however Defendant Grant receives no salary for his position as President.  The remaining allegations in paragraph 86 are not directed toward Defendant Grant

individually so no response is required.  To the extent a response may be required, Defendant Grant denies the remaining allegations in paragraph 86.

87.     The allegations of paragraph 87 are directed at Defendants other than Defendant Grant so no response is required.  To the extent a response may be required, Defendant Grant denies the allegations in paragraph 87.

88.     The allegations of paragraph 88 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 88 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.  Defendant Grant therefore denies the allegations of paragraph 89.

90.     The allegations of paragraph 90 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 90 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     The allegations of paragraph 91 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 91 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     The allegations of paragraph 92 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 92 may be

directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     The allegations of paragraph 93 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 93 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.  Defendant Grant therefore denies the allegations of paragraph 94.

95.     The allegations of paragraph 95 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 95 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Defendant Grant denies that he knew of, condoned, or benefited from unauthorized and/or illegal deductions from Plaintiffs' pay.  Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96.  Defendant Grant therefore denies the remaining allegations of paragraph 96.

97.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.  Defendant Grant therefore denies the allegations of paragraph 97.

98.     Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98.  Defendant Grant therefore denies the allegations of paragraph 98.

99.    Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.  Defendant Grant therefore denies the allegations of paragraph 99.

100.    The allegations of paragraph 100 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 100 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.    Defendant Grant denies the allegations of paragraph 101.

102.    The allegations of paragraph 102 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 102 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

103.    The allegations of paragraph 103 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 103 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    Defendant Grant denies the allegations of paragraph 104.

105.    The allegations of paragraph 105 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 105 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.    The allegations of paragraph 106 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 106 may be

directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

107.   The allegations of paragraph 107 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 107 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.   Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.  Defendant Grant therefore denies the allegations of paragraph 108.

109.   Upon information and belief, Defendant Grant admits that Defendants Moises Rodriguez and Maria Rodriguez were arrested in October 2005.  Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 109.

110.   Defendant Grant denies the allegations of paragraph 110.

111.   The allegations of paragraph 111 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 111 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.   The allegations of paragraph 112 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 112 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

113.   The allegations of paragraph 113 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 113 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114.   The allegations of paragraph 114 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 114 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.   The allegations of paragraph 115 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 115 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.   The allegations of paragraph 116 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 116 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.   The allegations of paragraph 117 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 117 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118.   The allegations of paragraph 118 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 118 may be

directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.   The allegations of paragraph 119 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 119 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.   The allegations of paragraph 120 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 120 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.   The allegations of paragraph 121 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 121 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.   The allegations of paragraph 122 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 122 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.   The allegations of paragraph 123 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 123 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.   Defendant Grant denies the allegations of paragraph 124.

19

125.   Defendant Grant denies the allegations of paragraph 125.

126.   Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.  Defendant Grant therefore denies the allegations of paragraph 126.

127.   Defendant Grant denies the allegations of paragraph 127.

128.   Defendant Grant denies the allegations of paragraph 128.

129.   Defendant Grant denies the allegations of paragraph 129.

130.   Defendant Grant denies the allegations of paragraph 130.

131.   Defendant Grant denies the allegations of paragraph 131.

132.   Defendant Grant denies the allegations of paragraph 132.

133.   Defendant Grant denies the allegations of paragraph 133.

134.   Defendant Grant denies the allegations of paragraph 134.

## RESPONSE TO COUNT I

135.   Defendant Grant incorporates by reference his responses to the allegations contained in paragraphs 1 through 134 as if fully set forth herein.

136.   Defendant Grant denies the allegations of paragraph 136.

137.   Defendant Grant denies the allegations of paragraph 137.

138.   Defendant Grant denies the allegations of paragraph 138.

## RESPONSE TO COUNT II

139.   Defendant Grant incorporates by reference his responses to the allegations contained in paragraphs 1 through 138 as if fully set forth herein.

140.   Defendant Grant denies the allegations of paragraph 140.

141.   Defendant Grant denies the allegations of paragraph 141.

142.   Defendant Grant denies the allegations of paragraph 142.

143.   Defendant Grant denies the allegations of paragraph 143.

144.   Defendant Grant denies the allegations of paragraph 144.

145.   Defendant Grant denies the allegations of paragraph 145.

146.   Defendant Grant denies the allegations of paragraph 146.

147.   Defendant Grant denies the allegations of paragraph 147.

148.   Defendant Grant denies the allegations of paragraph 148.

149.   The allegations of paragraph 149 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 149 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

150.   The allegations of paragraph 150 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 150 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150.

151.   The allegations of paragraph 151 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 151 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

152.   The allegations of paragraph 152 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 152 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

153.   The allegations of paragraph 153 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 153 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154.   The allegations of paragraph 154 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 154 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.

155.   Defendant Grant denies the allegations of paragraph 155.

156.   Defendant Grant denies the allegations of paragraph 156.

157.   Defendant Grant denies the allegations of paragraph 157.

## RESPONSE TO COUNT III

158.   Defendant Grant incorporates by reference his responses to the allegations contained in paragraphs 1 through 157 as if fully set forth herein.

159.   The allegations of paragraph 159 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 159 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159.

160.   The allegations of paragraph 160 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 160 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160.

161.    The allegations of paragraph 161 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 161 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161.

162.    The allegations of paragraph 162 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 162 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162.

## RESPONSE TO COUNT IV

163.    Defendant Grant incorporates by reference his responses to the allegations contained in paragraphs 1 through 162 as if fully set forth herein.

164.    The allegations of paragraph 164 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 164 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164.

165.    The allegations of paragraph 165 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 165 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165.

166.    The allegations of paragraph 166 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 166 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166.

167.   The allegations of paragraph 167 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 167 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167.

168.   The allegations of paragraph 168 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 168 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.

169.   The allegations of paragraph 169 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 169 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169.

170.   The allegations of paragraph 170 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 170 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170.

171.   The allegations of paragraph 171 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 171 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171.

## **RESPONSE TO COUNT V**

172.   Defendant Grant incorporates by reference his responses to the allegations contained in paragraphs 1 through 171 as if fully set forth herein.

173.    The allegations of paragraph 173 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 173 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173.

174.    The allegations of paragraph 174 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 174 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174.

175.    The allegations of paragraph 175 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 175 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175.

176.    The allegations of paragraph 176 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 176 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

177.    The allegations of paragraph 177 are directed at Defendants other than Defendant Grant and are therefore denied.  To the extent that the allegations of paragraph 177 may be directed at Defendant Grant, Defendant Grant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177.

## **RESPONSE TO COUNT VI**

178.    Defendant Grant incorporates by reference his responses to the allegations contained in paragraphs 1 through 177 as if fully set forth herein.

179.   Defendant Grant denies the allegations of paragraph 179.

180.   Defendant Grant denies the allegations of paragraph 180.

181.   Defendant Grant denies the allegations of paragraph 181.

182.   Defendant Grant denies the allegations of paragraph 182.

## RESPONSES TO THE COMPLAINT AS A WHOLE

Defendant Grant denies each and every allegation contained in Plaintiffs' First Amended Complaint unless otherwise and expressly admitted herein.  Defendant Grant also reserves the right to assert additional affirmative defenses that may be available after additional investigation and discovery.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the instant action.

## SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred by Plaintiffs' failure to mitigate or reasonably attempt to mitigate their damages.

## THIRD AFFIRMATIVE DEFENSE

The statute of limitations bars in whole or in part one or more claims, causes of action, and damages alleged in Plaintiffs' Second Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred in whole or in part to the extent that their status and/or the work they performed falls within exemptions, exclusions, exceptions or credits provided for in the Fair Labor Standards Act ("FLSA") and the Agricultural Workers Protection Act ("AWPA").

## FIFTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred in whole or in part because Defendant Grant was not an employer under the FLSA and/or the AWPA.

## SIXTH AFFIRMATIVE DEFENSE

One ore more of Plaintiffs' claims are barred in whole or in part because Defendant Grant was not a joint employer under the FLSA and/or the AWPA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

## NINTH AFFIRMATIVE DEFENSE

Defendant Grant at all times acted with good faith to comply with the FLSA and AWPA with reasonable grounds to believe that his actions did not violate the statutes cited in Plaintiffs' First Amended Complaint, and Defendant Grant asserts this lack of willfulness or intent to violate the FLSA or AWPA as a defense by Plaintiffs for liquidated and/or punitive damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the claims asserted and the relief sought by Plaintiffs are in breach of the automatic stay against Grant Family Farms, Inc., entered pursuant to 11 U.S.C. § 362(a).

## ELEVENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred because any damages purportedly sustained by Plaintiffs were due in whole or in part to Plaintiffs own contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred by the doctrine of in pari delicto.

## THIRTEENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred for a failure of consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred due to Plaintiffs' own deception and deceit.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for illegality.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any damages attributable to any actions of Defendant Grant and any alleged damages suffered by Plaintiffs were due to the unforeseen acts of third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

On or more of Plaintiffs' claims are barred by payment of same.

## NINETEENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred by the doctrine of estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred by the doctrine of waiver.

## TWENTY FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred due to a fraud in the inducement.  Upon information and belief, John Does I-V possessed fraudulent documents purporting to authorize them to work in the United States.  John Does I-V presented these documents with knowledge that they would be used to determine their work-eligibility status and thereby permit them to obtain work despite their ineligibility to do so.  But for the presentation and/or utilization of these fraudulent documents by John Does I-V, Defendant Grant and, upon information and belief, Grant Family Farms, Inc. would not have permitted John Does I-V to engage in any work at Grant Family Farms, Inc.

## TWENTY SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims are barred by the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Grant respectfully requests that this Court:  (a) dismiss Plaintiffs' First Amended Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; (c) award Defendant Grant costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such additional and further relief as the Court deems just and appropriate.

Respectfully submitted this 23rd day of April, 2007.

/s/ Elizabeth Gallaway

Elizabeth Gallaway, Esq., Attorney No. 36840
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO 80227
(303) 292-2021
(303) 292-1980 (fax)
egallaway@mountainstateslegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of April, 2007, I served a true and accurate copy of **ANDREW L. GRANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** via the USDC CM/ECF electronic filing system to the following:

Patricia L. Medige
Colorado Legal Services, Inc.-Denver
1905 Sherman Street
#400
Denver, CO 80203
303-866-9385
Fax: 303-830-7860
Email: pmedige@colegalserv.org

Patrick L. Ridley
Ridley, McGreevy & Weisz, P.C.
303 16th Street
#200
Denver, CO 80202
303-629-9700
Fax: 303-629-9702
Email: ridley@rmwpc.com

/s/ Elizabeth Gallaway
Elizabeth Gallaway, Esq.
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, CO 80227
(303) 292-2021
(303) 292-1980
egallaway@mountainstateslegal.com